No. 7937.

## SMITH *v.* HARRIS ET AL.

PRACTICE.—*Superior Court.*—*Assignment of Error.*—*Specifications.*—*New Trial.*—Alleged causes for a new trial can not be made the basis of independent specifications of error in an assignment at general term of a superior court. A specification of error in overruling the motion for a new trial presents the errors involved in that ruling.

SAME.—*Surprise.*—*Trial.*—*Advancing Cause.*—*Postponement.*—If surprised by the action of the court in advancing a cause and if not ready for trial, a party must make a showing of the facts and move for a postponement; but, unless injured, he can not complain of the action as error.

SAME.—*Contradictory Statements.*—*Affidavits.*—*Witness.*—*Diligence.*—Affidavits showing the previous contradictory testimony of witnesses do not make a good cause of surprise, where, by reasonable diligence, the affiants could have been introduced as witnesses on the trial as well as on a new trial.

ATTORNEY.—*Argument to Jury.*—The refusal to allow a party's attorney to address the jury is proper unless affirmatively shown to be error.

EXEMPTION.—*Partnership Property.*—Partnership property, or an interest therein, can not be claimed by one partner as exempt from sale on execution for a partnership debt.

SAME.—*Conflict of Evidence.*—Whether the ownership be partnership or individual is a question of fact to be submitted to the jury; and in a conflict of evidence, proof of admissions of the claimant that the property in controversy was partnership property, is broad enough to include all the property and support a verdict accordingly.

PRACTICE.—*Personal Property.*—*Evidence.*—*General Issue.*—Under the general issue in an action to recover personal property, evidence relevant to the right of possession of plaintiff or defendant, or even of a stranger, is admissible.

SAME.—*Loss of Time.*—*Damages.*—A claimant of personal property, failing on the main issue, can not complain that he was not allowed to give evidence of loss of time and its value, and other elements of damages.

From the Marion Superior Court.

*M. A. Smith*, for appellant.

*J. R. Parmelee* and *L. L. Norton*, for appellees.

WOODS, J—Action by the appellant, against the appellees, to recover the possession of personal property. Answer in general denial; jury trial; verdict and judgment for

the appellees ; appeal to the general term, where the judgment of the special term was affirmed.

Eight errors were assigned at the general term, but the last only was well assigned, namely, that the court erred in overruling the motion for a new trial. The other assignments were based upon matters which were proper to be alleged as causes for a new trial, and, if embraced in the motion therefor, must be considered under the assignment made upon the overruling of that motion, but, as has been repeatedly decided, can not be the basis of separate and independent assignments. So many of the alleged causes for a new trial as are supported by the record, and have been discussed in the brief of appellant's counsel, will be considered and decided.

The property in controversy had been seized by the appellee Harris, a constable, by virtue of an execution issued upon a joint judgment against the appellant and one Potts. The appellant claimed the property as his own, and as exempt from sale on execution, under the exemption law. The court instructed the jury, in effect, that the lien of the writ attached to the goods when it came to the constable's hands, and that, if at that time the property was partnership property, and was subsequently made the property of the plaintiff, by Potts releasing his interest to the plaintiff, this would not defeat the lien of the writ, and the appellant would not be entitled to claim it as exempt. This presents the main question which counsel have discussed ; that is to say, whether partnership property, or an interest therein, can be claimed as exempt from execution by the individual member of the firm. The question has been already decided in the negative by this court. *Love* v. *Blair*, 72 Ind. 281. Whether the exemption could be claimed, depended on the ownership at the time the writ issued and became a lien, and so the issue was distinctly submitted to the jury. There was no error in the instruction in this respect.

It is asserted that the evidence shows, without dispute, that two items of the property, a buggy and harness, both worth twenty-five dollars, had never been owned in partnership, but was the individual property of the appellant. Several witnesses testified to statements, or admissions, of the appellant, that the property in controversy was partnership property. This is broad enough to include all the property, and, according to the familiar rule, is sufficient to support the verdict in this court, though the preponderance of the evidence should seem to be the other way.

It is claimed that the witnesses who testified to these declarations of the appellant had testified, on another trial, that the appellant had not made any such declarations, and that, on account of the appellant's surprise at the change in their testimony, he should be allowed a new trial. A number of affidavits were filed, showing the previous testimony of the witnesses, but no reason is shown why the individuals who made these affidavits, were not called as witnesses on the trial had. A case of surprise, within the meaning of the law, is not shown. For all that appears, the appellant, by the exercise of reasonable diligence, might have met the emergency caused by the unexpected testimony on the trial had, as well as upon a new trial. Having voluntarily taken the chances of a favorable verdict, he can not, on the showing made, escape the adverse result.

The court refused to permit the appellant's attorney who conducted or aided in the conduct of the trial, to argue the case to the jury; but the reason for the court's action is not shown, and it does not appear that any exception was taken. The attorney may have so conducted himself as to justify his exclusion from the case. The presumption is in favor of the action of the court until error is affirmatively shown.

The court permitted the constable to tell how he came into possession of the goods, that is to say, that he levied and took possession under the writ. It is objected that this

evidence was not admissible under the general denial. There is nothing in the objection. In such a case, the general issue admits any evidence relevant to the right of possession asserted by the plaintiff, including, of course, evidence of a right of possession in the defendant, or even in a stranger.

The appellant offered evidence, which the court excluded, of his loss of time, the value thereof, and other elements of damages ; but whether this ruling was right or wrong we need not decide. The main issue having been found against the appellant, he was not entitled to any damages. If not entitled to recover the property itself, he can not have damages for its detention.

The appellant complains of the action of the court in advancing the case upon the docket ; but it is not shown that any harm or inconvenience to the appellant resulted. If taken by surprise, and not ready for the trial at the time fixed, he should have made a showing of the facts, and moved for a postponement.

There are no other points made which are not covered in principle by what we have said already. There is no available error in the record.

Judgment affirmed, with costs.