The State, *ex rel.* Miller, *v.* Day *et al.*

Filed Dec. 9, 1891.

---

No. 350.

## THE STATE, EX REL. MILLER, *v.* DAY ET AL.

EXEMPTION.—*Partnership Property.*—*Lien of Execution.*—Where a judgment is recovered against a firm, and an execution issued thereon, and thereafter a dissolution of the partnership takes place, and the partnership property is divided, and after the dissolution of the partnership and the division of, the partnership property, the execution is levied on the personal property of one of the partners which had been set aside to him, as his portion of the partnership property, he can not claim the same as exempt from execution.  *Robinson* v. *Hughes,* 117 Ind. 293, distinguished.

CRUMPACKER, J., dissents.

The State, *ex rel.* Miller, *v.* Day *et al.*

From the Vanderburgh Superior Court.

*J. H. Foster* and *C. B. Harris*, for appellant.

*R. C. Wilkinson, A. Gilchrist* and *C. A. De Bruler*, for appellees.

REINHARD, J.—Action by the State on the relation of Miller against Day and his sureties on his official bond, as constable, for refusing to set off to the former certain property claimed as exempt from sale on execution. A demurrer was sustained to the complaint, and this ruling is the only error assigned.

The complaint shows, among other things, that on the 28th day of May, 1887, the relator and Minerva Miller entered into a partnership for the purpose of dealing in oils, paints, wall paper, etc., and that such partnership continued until the 13th day of February, 1889, when it was dissolved by mutual consent, and the partnership property divided in the proportion in which each partner had contributed to the assets of the partnership; that on the 16th day of January, 1889, the Lartz Wall Paper Company, of Chicago, Cook county, Illinois, recovered a judgment against said firm, in an action for goods sold and delivered to it, which was founded on a contract with said firm; that the justice of the peace, before whom said action was instituted and judgment recovered, on the 28th day of January, 1889, issued an execution upon said judgment, and placed the same in the hands of the appellee Day, who was then a duly elected, qualified and acting constable; that after the dissolution of the partnership said Day levied the execution on the personal property of the relator, which had been set aside to him as his portion of the partnership property; that on the 28th day of February, 1889, the relator made out a proper inventory and schedule of his property which he owned, or in which he had any interest, on the day of the issuing of said execution, and delivered the same to said constable, and demanded that he set off all said property to him as exempt from exe-

cution, he being a householder of the State, owning less than six hundred dollars in property ; that the appellee refused to do this, but sold the property on the execution, etc.

The question thus presented might be somewhat difficult of solution had it not already been determined by the Supreme Court. *Smith* v. *Harris,* 76 Ind. 104.

As the facts involved in that case are best stated in the opinion of the court, we will quote so much thereof as embraces such statement, and also the point decided:

" The property in controversy had been seized by the appellee Harris, a constable, by virtue of an execution issued upon a joint judgment against the appellant and one Potts. The appellant claimed the property as his own, and as exempt from sale on execution, under the exemption law. The court instructed the jury, in effect, that the lien of the writ attached to the goods when it came to the constable's hands, and that, if at that time the property was partnership property, and was subsequently made the property of the plaintiff, by Potts releasing his interest to the plaintiff, this would not defeat the lien of the writ, and the appellant would not be entitled to claim it as exempt. This presents the main question which counsel have discussed ; that is to say, whether partnership property, or an interest therein, can be claimed as exempt from execution by the individual member of the firm. The question has been already decided in the negative by this court. *Love* v. *Blair,* 72 Ind. 281. Whether the exemption could be claimed, depended on the ownership at the time the writ issued and became a lien, and so the issue was distinctly submitted to the jury. There was no error in the instruction in this respect."

It will thus be seen that the facts underlying the case from which we make the quotation are almost identical with those in the case under consideration. As in that case, so in the case at bar, the execution issued before the dissolution of the partnership, and the lien attached the moment the writ came into the officer's hands. At that time it is

The State, *ex rel.* Miller, *v.* Day *et al.*

conceded that the property claimed as exempt was partnership property and subject to the payment of partnership debts.    While such property belongs to the firm it can not be said to belong to either partner separately.    The only interest he has in it is one in common with his partner, and so long as it remains undivided it can not be appropriated, in whole or in part, to the benefit of his family.    *Pond* v. *Kimball,* 101 Mass. 105 ; *Henry* v. *Anderson,* 77 Ind. 361; *Deeter* v. *Sellers,* 102 Ind. 458 ; *Goudy* v. *Werbe,* 117 Ind. 154.

By the dissolution and the release of Minerva Miller's interest in the property the ownership was changed, and the goods became the individual property of the relator; but this did not defeat the lien which had attached while the property was owned by the firm as firm property.    The law clearly recognizes an ownership in firm assets which is separate and distinct from individual ownership, as much so as is the property of a corporation, in a certain sense.    Whenever, therefore, a change takes place, by which such ownership is transferred from the partnership to an individual person, the transfer carries with it all encumbrances that had attached to the property under the former ownership.

If the lien-holder could thus be deprived of the benefits of an execution lien which had fastened to the debtor's property prior to the transfer, we do not see why, upon the same principle, one ordinarily entitled to exemption might not purchase, or otherwise acquire, from another, property that had been encumbered by liens while owned by such other person, and then defeat such liens by claiming the property exempt as against the debts of the former owner.    Where no transfer of ownership has taken place, but a mere change of the status of the owner has occurred, as where he becomes a householder after the execution issues, we can understand how a different rule may be applied.    There the principle of liberal interpretation may well be invoked, we take it, not indeed to give the debtor any new interest in the property,

but to make effectual to him a right in such property of which he had been the owner all along, but which, having become encumbered with a lien for his own indebtedness, he must, except for his newly-acquired status, surrender in satisfaction of such lien.

The difference in the two cases is obvious. In the one it is the property that has changed status, in the other it is the owner, and not the property.

In the case cited the Supreme Court expressly refused to go as far in the construction of the exemption laws as the appellant asks us to go here, and, to our knowledge, that court has never given any later expression upon the subject which conflicts with the one there given. On the contrary, in a much later decision, the case we quote from was cited with approval, and at least by clear implication recognized as settling this principle. *Goudy* v. *Werbe, supra.* In that case the precise question here involved was perhaps not directly in issue, but it was so at least indirectly. The court, after again deciding that a partner is not entitled to claim firm property as exempt before a severance takes place, holds that partners may, in good faith, sever their partnership property by sale or division among themselves, even for the purpose of enabling one of the partners to claim his share as exempt from sale on execution, *provided they do so before the firm creditors obtain a lien thereon.* When the court in this late case thus expressly limits its construction we can not see how it can be claimed that the, adjudications subsequent to *Smith* v. *Harris, supra,* have overturned the doctrine of that case.

But it is argued that such overruling has taken place, by implication at least, in the case of *Robinson* v. *Hughes,* 117 Ind. 293. We have taken some pains to study the questions decided in that case, which is relied upon as declaring a different doctrine, and have not been able to bring our minds to a conclusion in harmony with the appellant's contention. In the case last cited the execution defendant married and

became a householder after the lien of the execution had attached, and the court held that by this voluntary act of his he rendered himself entitled to the benefits of the exemption law, notwithstanding the execution. There had been no change whatever in the ownership of the property, while in *Smith* v. *Harris, supra,* as in the case at bar, the property was transferred with the lien upon it, from the firm to the individual partner.

The fact that the partnership creditors have precedence over the individual creditors only by reason of the equitable liens which the partners have upon the firm property, and that when these equitable liens have been surrendered or waived the right to priority ceases, can not strengthen the appellant's position. The surrender of the equities of the partners will doubtless operate to do away with the priority of partnership over individual claims, but it does not follow from this that the partners may waive their equities after they have become crystallized, as it were, into statutory liens of firm creditors. The waiver of the equitable liens of the partners may take place at any time, and there need be no dissolution of the partnership, for the partners may surrender their equities to let in mortgage liens for individual debts even. *Purple* v. *Farrington,* 119 Ind. 164. But if the partners, by waiving their equities, can defeat execution liens that have accrued upon the partnership property, it is hard to see why they may not by such voluntary action give priority to liens for individual debts, such as mortgages or other executions, and thus postpone, or even defeat, in case of insolvency, the prior liens of firm creditors; or why the partners may not defeat such prior liens by turning over the property itself, after the liens have attached, in payment of the individual debts of some of the partners. That this could have been done before any lien had attached can not be doubted; but that it may be done afterward we hardly think the appellant's counsel themselves would claim.

In States where the courts hold that the exemption may

The State, *ex rel.* Miller, *v.* Day *et al.*

be claimed out of partnership property the rule is, of course, different. There no reason exists why the right of exemption may not be claimed at any time before sale, whether liens have attached or not. But we presume it will hardly be contended now, in Indiana, that the statutes of exemption may be applied to partnership property, for, notwithstanding its criticism of the earlier cases, the Supreme Court has but recently declared, in effect, that the question is no longer to be regarded as an open one. *Goudy* v. *Werbe, supra.* If, however, by the mere volition of the parties, in waiving their equities, an execution lien may be defeated, we know of no reason why this may not also be done during the existence of the partnership, and without any dissolution; for it is not by dissolution only that the equities of the partners may be waived, as has been seen in the case where a mortgage was given and upheld upon partnership property for the debt of an individual partner.

For these reasons we are unwilling to depart from the doctrine declared in the case of *Smith* v. *Harris, supra,* and can come to no other conclusion than that the constable did right in refusing to set apart to the relator the property he claimed as exempt, and that the court committed no error in sustaining the demurrer.

Judgment affirmed.

Filed Dec. 9, 1891.

### DISSENTING OPINION.

CRUMPACKER, J.—I can not concur in the conclusion of the court, that the general lien of an execution upon partnership property is paramount to the constitutional right to exemption after the firm has been dissolved, and the property divided between the partners. No one will deny the right of the owners of an estate in common to claim their respective shares of such estate, under the exemption laws,

from the lien of an execution upon a judgment against all of the owners jointly.

The only reason why this doctrine does not apply to existing partnerships is that each partner has the right to insist that the joint property shall be used for the payment of firm debts before a member of the firm may appropriate any part of it to his individual use.

This right is essentially personal to the members of the firm, and is paramount to the right of exemption in the individual members, and it furnishes the only basis for the superior rights of firm creditors. Such creditors are permitted to avail themselves of it upon the theory that its exercise is beneficial to the several members of the partnership, and for this reason they are presumed to assent thereto. But the partners may surrender such right, and when this is done the firm creditors are reduced to the same footing as individual creditors. In my opinion there is no adequate reason why this may not be done after an execution lien has attached.

A partnership is not such a distinct legal entity that upon its dissolution, and the division of its property, the respective members are presumed to hold their shares in the right of the firm. There is no change of title upon such division, but each member thereafter holds his share in severalty by the same title by which he held his undivided interest in the joint property. Execution liens do not confer vested rights upon the creditor, and when a debtor presents his schedule and demands property exempt from sale, the inquiry is directed to the conditions at that time, and if they then concur in his favor the right can not be denied. *State, ex rel.,* v. *Read,* 94 Ind. 103; *Eltzroth* v. *Webster,* 15 Ind. 21.

Many courts, outside of this State, recognize the right of partners to claim property under the exemption laws which came to them upon a dissolution of the firm after an execution lien has attached. *Russell* v. *Lennon,* 39 Wis. 570;

*Blanchard* v. *Paschal,* 68 Ga. 32 ; *Skinner* v. *Shannon,* 44 Mich. 86 ; *Stewart* v. *Brown,* 37 N. Y. 350.

It is well settled that a debtor may, by his own voluntary act, divest an execution lien, and hold property from sale upon execution, by putting himself in a position to claim such property when he had no right to it when the lien attached. *Robinson* v. *Hughes,* 117 Ind. 293 ; *Watson* v. *Simpson,* 5 Ala. 233 ; *Letchford* v. *Cary,* 52 Miss. 791 ; *McManus* v. *Campbell,* 37 Texas, 267.

The case of *Smith* v. *Harris,* 76 Ind. 104, upon which the principal opinion seems to be founded, was expressly decided upon the authority of *Love* v. *Blair,* 72 Ind. 281, and an examination of the latter case will disclose that it contained no such question. So *Smith* v. *Harris, supra,* can not be regarded as the deliberate declaration of the Supreme Court upon the question, and it is so at variance with the principles declared in *Robinson* v. *Hughes, supra,* and *Goudy* v. *Werbe,* 117 Ind. 154, that it ought not to be accorded a controlling influence in the decision of this case. Besides, it entirely disregards that familiar rule which requires the exemption laws to be most liberally construed in favor of the debtor. *Kestler* v. *Kern,* 2 Ind. App. 488 ; *Wilson* v. *Joseph,* 107 Ind. 490 ; *Butner* v. *Bowser,* 104 Ind. 255 ; *Astley* v. *Capron,* 89 Ind. 167.

For these reasons I respectfully dissent from the decision of the court.

Filed Dec. 9, 1891.