## WATSEK v WHETSTONE, Admr.

Ohio Appeals, 2nd Dist, Franklin Co

No 3328.   Decided April 23, 1941

L. P. Henderson, Columbus, for plaintiff-appellee.

Peter Albietz, Columbus, and John M. Scott, for defendant-appellant.

## OPINION

**BY THE COURT:**

This matter is now before this Court on two separate motions, one by the plaintiff-appellee and one by defendant-appellant.

The first motion filed was that of the plaintiff-appellee, filed March 25, 1941, and is as follows:

"Now comes the plaintiff-appellee and moves the court to dismiss the appeal herein for want of prosecution."

In support of the motion the provisions of Rule VII are cited to the effect that counsel for appellant, within fifty days after the filing of the notice of intention to appeal, shall file with the Clerk his assignment of errors and briefs and bill of exceptions, and upon failure to file same, the cause will be dismissed for want of prosecution, or otherwise disposed of.

Counsel have overlooked the fact that Rule VII applies to appeals on questions of law, only. The notice of appeal filed January 27, 1941, stated that "said appeal is on questions of law and fact". This notice is appropriate for appeal in chancery cases and where such appeal is properly made, Rule VII has no application due to the fact that if such appeal is proper, the case is to be decided de novo in this Court and therefore the rule as to the time for filing the briefs, the assignment of errors or of the bill of exceptions, is not pertinent, and under that situation the motion should be overruled.

We find, however, on examination of the docket that the action can not be considered as one in chancery. It is simply an action against the administrator by a claimant for services alleged to have been performed for the decedent under a contract, which claim had been presented to the administra-tor for allowance and by him rejected. The matter is purely statutory and has no element of a proceeding in equity.

What should be done in the situation thus presented? As to the rule for filing bills of exceptions, §11564 GC, provides for the method of preparation and the time of filing the same with the following provision:

"Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case can not be heard upon the facts and no bill of exceptions has been filed in the case, the Court of Appeals shall fix the time not to exceed thirty days for the preparation and settlement of a bill of exceptions."

This Court at an early date took the position that under the provision of §12223-4, an appeal is deemed perfected when written notice of appeal shall be filed, and that after being duly perfected no appeal shall be dismissed for failure to give proper notice and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.

In the case of **Parker v Ingle, Montgomery County, 24 Abs 518, 57 Oh Ap 62,** it was held that the one and sole requisite to the accomplishment of of transferring a case to an upper court for review is the giving of a written notice of appeal within the time provided in §12223-7, and that the effect of a failure to give a bond is to render the appeal ineffective as an appeal on questions of law and fact, but not to defeat the appeal.

In the case of **Verna Bullock v Ralph Bullock, 23 Abs 608,** decided on the 20th day of January, 1937, it is pointed out that §12223-22 GC, provides that whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to re-try the facts, the appeal shall not be dismissed but held for hearing as an appeal on questions of law.

This court under these sections has consistently held that where an appeal

is not properly before the court upon the notice that has been given as an appeal on questions of law and fact, that the court will not dismiss the appeal but will grant leave to the party to file the bill of exception within thirty days from the entry finding that the case may not be tried de novo, and that thereafter the provisions of Rule VII shall be applicable. We therefore determine that in this case the appeal having been perfected by the filing of the notice, but that the appellant is not permitted to re-try the facts, the appeal shall not be dismissed but stand for hearing on questions of law, and that thirty days be allowed for the settlement of a bill of exceptions.

Motion to dismiss appeal for want of prosecution overruled.

We now consider the motion to dismiss the appellee's motion filed by the appellant. The grounds for this motion are to the effect that counsel has been so busy that he has not had sufficient time to prepare and file the requisite papers within the fifty-day period. Such a motion is without merit, as we have held numerous times under like excuses for failure to file the bill of exceptions within proper time.

Both motions overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.