**KURTZHALZ, Ex parte.**

Ohio Appeals, 2nd District, Franklin County

No. 3546.  Decided January 22, 1943.

Binns & Tresemer, Columbus, for petitioner.
Hamilton & Kramer, Columbus, for Marguerite W. Kurtzhalz.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on petitioner's application for a writ of habeas corpus.

In substance petitioner complains that he is unlawfully restrained of his liberty by the Sheriff of Franklin County, Ohio, and the Common Pleas Court, Division of Domestic Relations, of said county, having been committed to the custody of said officer by said Court of Common- Pleas, Division of Domestic Relations, for failure to comply with a certain order of the Common Pleas Court, Division of Domestic Relations, in Case No. 25795 on the dockets of said court, entitled Marguerite W. Kurtzhalz, plaintiff, v Emerson D. Kurtzhalz, defendant. The order, marked Exhibit A, is attached to the complaint and made a part thereof.

The petitioner says that said imprisonment is without legal authority and is contrary to law and in contravention of his rights under and by virtue of the Constitution of the United States and of the State of Ohio, and that said Court of Common Pleas, Division of Domestic Relations, is without jurisdiction to make such order and was wholly without any jurisdiction to commit petitioner to imprisonment as for contempt for failing to comply with said order by reason of the fact that after said Case No. 25795 in said Common Pleas Court, Division of Domestic Relations, had been appealed by plaintiff on questions of law to the Court of Appeals of Franklin County, Ohio, and same was dismissed by said Court of Appeals of Franklin County, Ohio, per agreed entry, prepared and filed for plaintiff-appellant and approved by attorneys for defendant-appellee, and there is therefore no case pending in said Court of Common Pleas, Division of Domestic Relations, wherein your petitioner is defendant.

Considering the opening brief of the petitioner as a trial statement, we ascertain the following applicable facts:

In the proceedings in Case No. 25795 in the Common Pleas Court, Division of Domestic Relations, in which Marguerite W.

Kurtzhalz was plaintiff, and Emerson D. Kurtzhalz was defendant, a judgment for alimony was entered in favor of the plaintiff.

In the answer and cross-petition of the defendant, Emerson D. Kurtzhalz, one Carl F. Robinson was made a party defendant, by reason of averments that he has or claims some rights in the real property of plaintiff and defendant.

Plaintiff filed motion to strike from the answer and cross petition the portions thereof referring to the inclusion of Carl L. F. Robinson as party defendant. This motion was overruled. Immediately thereafter plaintiff filed her notice of appeal on questions of law to the Court of Appeals of Franklin County, Ohio. This notice of appeal, omitting the formal parts, reads as follows:

### NOTICE OF APPEAL

"Plaintiff-Appellant, hereby gives notice of appeal to the Court of Appeals from the final order and judgment of this court sustaining Cross-Petitioner's motion to make Carl F. Robinson, a party defendant in the above entitled case; said final order and judgment being rendered on Thursday, August 13, 1942.

Said Appeal is on questions of law.

Signed    Hamilton & Kramer
Attorneys for Plaintiff-Appellant."

On August 28, 1942, over the protest of counsel for defendant, the Common Pleas Court signed on entry purporting to permit the withdrawal of plaintiff's notice of appeal, theretofore filed on August 18, which entry counsel for defendant declined to approve on the claimed reason and ground that under the laws of Ohio upon the filing of the notice of appeal, the appeal was perfected and the trial court no longer had jurisdiction to take any action or make any orders in the case, particularly with reference to its appealability or the dismissal of the appeal, such jurisdiction being vested exclusively in the Court of Appeals under §12233-4 GC. Plaintiff at no time filed a notice of appeal or transcript of the docket and journal entries with the Clerk of the Court of Appeals. However, counsel for defendant on the day following plaintiff's withdrawal of her notice of appeal, caused to be filed with the Clerk of the Court of Appeals the transcript of the docket and journal entries, and the same was then docketed as Case No. 3531 on the Appearance Docket of the Court of Appeals.

On September 2, 1942, by agreed entry, prepared and filed by counsel for plaintiff-appellant and approved by counsel for defendant-appellee, the proceeding was dismissed in the Court of Appeals on the following journalized entry, which, omitting the formal parts, reads as follows:

"This day this cause dismissed. No record.

Signed Frank W. Geiger, P.J., Judge."

During the time that the case was admittedly pending before the Common Pleas Court, Division of Domestic Relations, an order was duly made and journalized, ordering the defendant to pay attorney fees to plaintiff's attorneys of $50.00; also ordering defendant to pay temporary alimony to plaintiff in the sum of $35.00 per month. The payment of the $50.00 attorney fees was made on August 20, 1941. The $35.00 per month was paid by defendant to plaintiff, commencing August 20, 1941, and ending September 2, 1942, in all the sum of $472.50. The final payment to plaintiff was made on September 3, 1942, being the day following the dismissal by the Court of Appeals entry of September 2, 1942.

On September 18, 1942, plaintiff applied to the Common Pleas Court, Division of Domestic Relations, for a ruling of contempt against the defendant, who appeared in obedience to the order of September 23, 1942, with counsel, expressly disclaiming any intention of entering any appearance in said court, and solely for the purpose of protesting and objecting to the jurisdiction of said court to make such order.

On November 5, 1942, the court found defendant guilty of contempt, and on November 27, 1942, said defendant was arrested by the Sheriff of Franklin County, Ohio, pursuant to a capias purported to be issued by said Court of Common Pleas.

On November 27, 1942, the defendant, Emerson D. Kurtzhalz, filed in our court his application for writ of habeas corpus.

We have no difficulty in determining that habeas corpus is the appropriate remedy, provided it clearly appears that the Court of Common Pleas, Division of Domestic Relations, had no jurisdiction to make such order. However, we are unable to agree with counsel for petitioner that the Court of Common Pleas, Division of Domestic Relations, was divested of jurisdiction by reason of plaintiff's appeal on questions of law.

Counsel for petitioner base their claims upon the provisions of the new Appellate Procedural Act, effective 1936. We find nothing in the new Appellate Procedural Act justifying a different rule from that prevailing under former petitions in error.

Section 12223-1 GC, defines the word "appeal," "appeal on questions of law" and "appeal on questions of law and fact."

Under "appeal on questions of law," the only distinction that we find is that such an appeal takes the place of what was formerly a petition in error. By the provisions of the section it is provided "and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error." Neither under the old provisions nor under the present Appellate Act is judgment suspended where the appeal is on questions of law. The prescribed method of suspending judgment is the giving of a supersedeas bond. Even this is not a right given to the appellee, but only to the appellant. It must be kept in mind

that plaintiff's appeal on questions of law was not from the entire judgment, but as specifically stated, only from that part of the judgment making Carl F. Robinson a party defendant. It is quite true that filing of notice of appeal is the only jurisdictional requirement, but this does not mean that an appeal may not be dismissed for various reasons, such as failure to prosecute or take such other steps as are prescribed under the statute.

The filing of a notice of appeal, standing alone, does not lodge the case in a reviewing court. Courts of Appeals of the state, at their annual meeting September 15, 1936, adopted Rule XV which is intended to cover this very situation.

It is our conclusion that the plaintiff in the instant case had a perfect right to withdraw her notice of appeal prior to the filing of same in the Court of Appeals. The rights of the defendant-appellee were in no way affected. The only legal effect of the withdrawal of the notice of appeal was to leave the judgment in the trial court in the same status. The notice of appeal did no more than complain of the judgment of the trial court in making one Robinson a party. Had the case proceeded to trial in our court, we would have been limited in our adjudication to determine the issue as to whether or not the court was in error in making Robinson a party defendant. We could have made no orders that would affect any other part of the judgment.

We freely concede that the rules are different on appeals on questions of law and fact where an appeal bond is given. Under such conditions the appellee had a vested interest in the bond, hence the appellant could not take this right away through the attempted dismissal of the appeal on questions of law and fact. If an appeal bond is not given, then the appellant could dismiss the appeal.

Under the factual conditions thus disclosed, we would hold that the withdrawal of the appeal authorized by the Court of Common Pleas was effective and thereafter the action of appellee in filing transcript of docket and journal entries in our court was improper. If we are wrong in this, we would then determine that the dismissal of the action in our court would not affect the judgment in the trial court.

The sole and only reason is that the notice of appeal on questions of law did not suspend the judgment of the trial court nor bring to our court for review anything other than the part of the judgment appealed from and the dismissal could have no greater effect than any judgment which we might have entered had the cause been submitted to us on its merits. **Goode v Wiggins, 12 Oh St 341.**

Under the Constitution giving to Courts of Appeals the right of review under error proceedings, we do not hear de novo but merely adjudicate the claimed errors.

Second O. Jur., p. 376, Sec. 319; Ohio Fuel Gas Co. v City of Mt. Vernon, 37 Oh Ap, 159; Union Trust Co. v Lessovitz, 122 Oh St, 406-416; 4 Corpus Juris Secundum, p. 205, Sec. 1384; p. 207, Sec. 1386.

The petition for writ of habeas corpus will be denied. Costs adjudged against petitioner.

GEIGER, P. J., and HORNBECK, J., concur.

HORNBECK, J. I concur in the judgment refusing the writ upon the opinion of Judge Barnes as to the effect of the dismissal entry in this court on the rights of the parties but differ upon the statement "That the plaintiff * * * had a perfect right to withdraw her notice of appeal prior to the filing of the same in the Court of Appeals."

If the majority opinion is sound, upon the right of the plaintiff to withdraw her notice of appeal in the Common Pleas Court, then all that was subsequently done in the Court of Appeals was unnecessary, unauthorized and without effect. The proposition upon which we differ presents a new and important question of procedure under the Appellate Code of 1936.

Section 12223-4 GC is conclusive of the effect of filing the notice of appeal in the trial court,

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, * * *. Where leave to appeal must first be obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

What is a perfected appeal? It is the completed act which places the appeal within the jurisdiction of the appellate court. In furtherance of the purpose of the legislators to simplify appellate procedure they plainly stated that the one requisite to the transfer of jurisdiction from the trial court to the reviewing court was the filing of the notice of the appeal with the trial court. They could as well have provided that the notice also be filed in the appellate court or, that it be filed in the reviewing court only, but did not choose to do either. They say, however, that no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.

Other steps may be taken in both types of appeal to the Court of Appeals as provided by §12223-8, GC, providing for transcript of record, etc., from the trial court and by Rule XV, Courts of Appeals of Ohio, 52 Oh Ap XLIX, providing for "Prerequisites to Court Action" in the appellate court.

Rule XV is intended to require that the appeal be docketed and numbered in the appellate court before the court will make any

order on the appeal which may be accomplished either by compliance with §12223-8 GC, or, by filing with the Clerk of the Court of Appeals either the notice of appeal or an authenticated copy thereof. But neither the steps provided by the statute nor by the rule "required to be taken subsequent to the perfection of the appeal" affect jurisdiction which at all times after the proper filing of the notice has been in the Court of Appeals.

In the instant case the action authorized by the Domestic Relations Judge was the withdrawal of the appeal. This was tantamount to a dismissal of the appeal which was a jurisdictional act requiring the consent of the court. If the judge had the power to act upon the request of one party, the appellant, he had like power to act upon the motion of the other party and if he had that power at all he could act if the parties were in adverse relation to each other on the motion to dismiss. This power to decide is jurisdictional, and the right to so act must be vested with some one tribunal. It can not be reposed in two courts at the same time. It was for all purposes by the act of the filing of the notice of appeal vested in this Court of Appeals.

The procedure which the appellee adopted by having the appeal docketed and numbered in this court was correct and brought it before the court for all purposes.

"An appellant can not withdraw or dismiss his appeal as a matter of right. The power to dismiss rests solely in the court, and the right of the appellant to voluntarily dismiss his own appeal can be exercised only subject to the discretion of the court." 2 O. Jur. 561, citing several Ohio cases among which is **Walker, et al., v Jenny, Administrator, et al., 10 O. C. C. (N. S.) 586.** In the cited case, Swing, P. J., says,

"We know of no provision of our statute which authorizes an appellant to dismiss an appeal when perfected and we think there is no such power. Such power rests solely in the court, and in order to give this dismissal any effect, it must be construed as the judgment of the court."

In the early case of **Emerick v Armstrong, et al., 1 O. 515** the court held, in substance that appeal is purely a creature of statute; the arbitrary act of a party perfects the appeal and gives jurisdiction to the reviewing court. The cases cited and from which I have quoted, treat of appeal as it was known prior to the Appellate Code of 1936, but the principle announced and discussed is applicable to a perfected appeal as defined in §12223-4 GC.

The filing of the notice of appeal, as provided by §12223-4, GC, is the only act necessary to give the Court of Appeals jurisdiction.

**Ohlgrim & Son v Wolf, 65 Oh Ap 172; 18 OO 360; 29 N. E., 436; Watsek v Whetstone, 34 Abs 442; Langhorne v Langhorne, 22 Abs 178.**

372

Of course an appeal on questions of law and fact may not be completed until bond given, when required.

**Cramer v Cramer, 63 Oh Ap 358; 14 OO 35; 26 N. E, (2d), 785.**