No. 7748.

HENRY, ASSIGNEE, *v.* ANDERSON, ASSIGNEE.

PARTNERSHIP.—*Real Estate.*—*Interest of Partner.*—The only interest which a partner has in real estate purchased or held for partnership purposes is in the portion remaining after all partnership liabilities have been paid.

SAME.—*Conveyance.*—One partner may convey real estate to the firm of which he is a member, and after a delivery retain possession of the deed.

SAME.—*Delivery.*—*Acceptance.*—*Presumption.*—In such case, a delivery of the deed to one partner would be a delivery to the partnership and an acceptance may be inferred from circumstances or presumed from the beneficial character of the grant.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphreys,* for appellant.
*P. S. Kennedy* and *W. T. Brush,* for appellee.

ELLIOTT, C. J.—In March, 1867, James F. Harney was in partnership with Daniel C. Stover and John P. Stover, and the real estate here the subject of controversy was owned by the partnership. On·the 8th day of that month, Harney purchased the interest of the Stovers in said real estate, but did not receive a deed. On the same day Harney formed a partnership with Henry Johnson, Caleb W. Thomas and James B. Couch, under the firm name of Harney, Thomas & Co. The said Harney and the two Stovers, the latter then having no interest in said real estate, conveyed it to the said Harney, Thomas, Johnson and Couch. No consideration whatever was paid to the said Harney. The deed was delivered to Harney, who has ever since had possession thereof. Prior to the conveyance of the 8th of March, Harney, Johnson, Thomas and Couch had executed to the said Daniel C. and John P. Stover twelve promissory notes, amounting in the aggregate to nearly $12,000. Some years afterward, James F. Harney made an assignment of all his individual property to the appellant, who represents the individual creditors of Harney, and seeks by this action to subject the real estate to the claims of such creditors. The firm of Harney, Thomas & Co. also made an assignment of the firm property for the benefit of creditors, to the appellee, who claims that the real estate is partnership property, and that it should be applied to the payment of the partnership creditors.

The complaint of the·appellant contained the material facts exhibited in the foregoing synopsis, and was adjudged insufficient upon demurrer.

It is insisted by appellant that the deed of March 8th conveyed no title, because James F. Harney was both grantor and grantee. The argument upon this point is built upon an undue assumption. It is not true that Harney was granting land to himself. He was granting it to a firm of which he was a member. Although individuals compose partnerships, yet the partnership is a legal entity, distinct and different from the persons who constitute its component parts. This distinction between the partnership and its members is shown in many instances, notably in that rule which requires individual property to be first applied to the payment of individual debts, and partnership property to partnership debts.

Appellant contends that there was no delivery of the deed, because possession thereof was retained by Harney. It is fairly inferable from the allegations of the complaint, that the property was purchased and held as partnership property, and, of course, the delivery of a deed to one partner would be a delivery to the partnership. If the complaint did not show a partnership, there would be no force in the appellant's argument, for delivery to one of several grantees would be valid and effective as to all.

No one doubts that a deed is not valid unless there is an acceptance, but in no case is a formal acceptance required. An acceptance may be inferred from circumstances; indeed, may be presumed from the beneficial character of the grant. In this case, the facts disclosed by the complaint clearly show an acceptance. The argument of counsel upon this point is wholly inapplicable to the case made by his complaint. The real estate was partnership property, and Harney could have no separate interest in it until all the partnership debts were paid. It is a familiar rule, that the only interest which a partner has in real estate purchased or held for partnership purposes, is in the portion remaining after all partnership liabilities have been paid. *Cobble* v. *Tomlinson*, 50 Ind. 550; *Huston* v. *Neil*, 41 Ind. 504.

Harney, therefore, owned neither all of the real estate, nor any part of it. The demurrer to the complaint was rightly sustained.

Judgment affirmed, at the costs of appellant.