CHARLES N. BROWN ET AL. v. MARY E. BROWN.

(Case No. 1733.)

1. DEED — DELIVERY.— Under our system, where the husband has the sole management of the wife's separate property during coverture, the signing of a deed by him conveying property to her, with attesting witnesses, will, as between husband and wife and their heirs, be sufficient to pass title without an actual delivery of the deed to the wife, the husband retaining possession thereof.

APPEAL from Navarro. Tried below before the Hon. D. M. Prendergast, special judge.

On June 1, 1881, appellee brought this suit against appellants as the heirs of D. M. Brown, deceased. Appellee claimed as the surviving widow and second wife of D. M. Brown, and sued for a partition of certain tracts of land described in the petition, claiming that the same belonged to the estate of D. M. Brown, deceased, and also for an interest in certain land notes, etc.

Appellants claimed the land as heirs, etc., of Lavinia Brown, the first wife of D. M. Brown, who died in 1872; that the same was the separate property of Lavinia Brown, and that it had been conveyed to her by D. M. Brown in 1865.

Appellee claimed that the deed to Lavinia Brown was never delivered, etc., and that appellants were estopped from claiming under

it, for that in 1877 there was a partition had, under a decree of court, between D. M. Brown and appellants, etc.

To this appellants replied that the deed was duly delivered to Lavinia Brown at the time of its execution, and that D. M. Brown, after her death, concealed its existence from them, and thereby fraudulently obtained the decree of partition against them; that thereafter he concealed his fraud, and that they only discovered the existence of the same after his death, and a short time before the institution of this suit.

Appellee replied that appellants had full notice of the existence of the deed at and before the partition decree, etc.

Upon the trial the court submitted special issues.    On the verdict the court rendered judgment in favor of appellee.

*Simpkins, Simpkins & Neblett,* for appellants, cited: Scrugham *v.* Wood, 15 Wend., 544 (30 Am. Dec., 75); Jarques *v.* M. E. Church, 17 Johns., 549 (Am. Dec., 447); Souverbye *v.* Arden, 1 Johns. Ch., 239; Stewart *v.* Redditt, 3 Md., 67; 3 Cruise Dig., 29, 69; 2 Vernon, 473; Boughton *v.* Boughton, 1 Adkyns, 625; Bunn *v.* Winthrop, 1 Johns. Ch., 329; Johnson *v.* Smith, 1 Ves., 314; Beard *v.* Nutthall, 1 Vernon, 427; Doe *v.* Knight, 5 Barn. & C., 671; McLure *v.* Colclough, 17 Ala., 89; Thacker *v.* St. Andrews Church, 37 Mich., 264; Farrar *v.* Bridges, 5 Humph., 411 (42 Am. Dec.); McEwen *v.* Troost, 1 Sneed (Tenn.), 184; 4 Kent Com., pp. 528–9, side pages 455, 456; Bryan *v.* Walsh, 2 Gillman, 557; Ruckner *v.* Ruckner, 32 N. J. Eq.; Brown *v.* Brown, 1 Wood. & Min., 325; *Doe dem.* Garmons *v.* Knight, 5 B. & C. (11 E. C. L.); Snider *v.* Lackman, 2 Ired. Eq., 360 (38 Am. Dec., 386); Smith on Contracts, p. 60, side page 9; 1 Starkie's Evidence, 286, side page 322; Dukes *v.* Spongle, 9 C. L. J., 398 (35 Ohio, 124); Gage *v.* Gage, 36 Mich., 230.

*Read & Read* and *Frost, Barry & Lee,* for appellee, cited: Younge *v.* Gilbeau, 3 Wall. (U. S.), p. 641; Roswelt *v.* Carew, 6 Barb., 191; Uniack *v.* Giles, 2 Molloy, 257; Fisher *v.* Hall, 41 N. Y., 420; Rashlin *v.* Shields, 11 Ga., 636; Maynard *v.* Maynard, 10 Mass., 456; Benton *v.* Boyd, 7 Kan., 17; Ruckman *v.* Ruckman, 33 N. J. Eq., 356; Un. Mut. Ins. Co. *v.* Campbell, 95 Ill., 267; Henry *v.* Henry, 65 Mo., 689; Stewart *v.* Stewart, 50 Wis., 445; Dun *v.* James, 42 Md., 492; Tuttle *v.* Turner, 28 Tex., 773; Oliver *v.* Stone, 24 Ga., 70; 40 Iowa, 402; 69 Ill., 382; 12 Ill., 134; 2 Harr. (Del.), 197; 4 J. J. Marsh. (Ky.), 572; 26 Miss., 275; 34 N. H., 476; 3 Washb. on Real Prop., pp. 254, 265.

WATTS, J. COM. APP.— Upon the trial the court charged the jury that "To constitute a delivery so as to pass the title of property by deed, it is necessary that the grantor should either make an actual delivery to the grantee, or place the deed within the control of the grantee with the intention, at the time, of abandoning all further control of the deed and of vesting then the title to the property in the grantee." While in respect to that issue appellants asked and the court refused to give the following instruction: "In determining whether or not the deed of 1865 was delivered by D. M. Brown to his wife, Lavinia Brown, you are instructed that it is not necessary that there should have been an actual delivery; that is, that the deed should be passed from the hands of D. M. Brown to the hands of Lavinia Brown; but anything that shows to your satisfaction that D. M. Brown intended the property mentioned in the deed to pass to the said Lavinia at the time the same was made, will be sufficient, notwithstanding said Brown afterwards may have abandoned such intention," etc.

The giving of the first of these charges, and the refusal to give the second, is assigned as error. And as these instructions relate to the same issue they will be considered together.

While our statute has removed many of the common law disabilities attaching to coverture, and has greatly enlarged the right of married women to own property, and contract with reference to it, yet it provides that during the coverture the husband shall have the *sole* management of the wife's separate property. This makes him the agent of the wife, and gives him the right to the possession of her property, and custodian of her title papers. His consent to the disposition of her separate property is essential.

It is well established that the husband can make a conveyance to the wife of his separate property, or of the community property, so as to vest the title in her as separate property, provided the rights of creditors are not encroached upon. In this case the contract is between the heirs of the husband and those of the wife, and in which creditors and strangers have no interest. And it should be remarked that the decision will be confined to the case as made, and the doctrines declared must be understood as thus limited.

Then as the husband is the agent of the wife with the right to the possession and management of her separate property, and custodian of her title papers, and having the power to convey to her his separate property, or the community property, the question as between them and their heirs is as to what will constitute a delivery of his deed to her so as to make the conveyance effective. Is it es-

sential that such a deed should be actually delivered to her or be so placed under her authority that thereafter the husband is to be deprived of all control over it? If it is to be understood by the term "control," as used in the charge of the court, that the husband must intend by the execution of the deed to abandon any further control over it as owner of the land, then the charge is correct.

But it admits of much doubt whether the charge would admit of such a construction. In common parlance and as generally understood, there is no practical difference between the term "sole management" as used in the statute, and the word "control" as used in the charge. By virtue of the statute the husband would have the undoubted right, notwithstanding every act had been done which was essential to vesting the title in the wife, to so far control the deed as to have it authenticated and recorded. And he would also have the right to retain possession of it as her agent.

The case of Henry v. Anderson, 77 Ind., 361, was where a person made a deed for land owned by himself to a firm of which he was a member, but he retained the possession of the deed. It was there held that his possession was a constructive delivery of the deed to the firm and vested in it the title to the land. The principle upon which that decision is founded is, that the grantor was a member of the firm, and as such had authority to act for it, and having executed the deed in due form, nothing appearing to the contrary, it was presumed that he intended the title to vest in the firm at the time, and thereafter he held the deed for the firm and not for himself.

In Moore v. Hazelton, 94 Allen, 106, it was said: "When an instrument of conveyance is sealed and delivered, with an intention on the part of the grantor that it should operate immediately, and there is nothing to qualify the delivery but keeping the deed in the hands of the grantor, it is a valid and effectual deed, in law and equity; and the execution of a deed in the presence of an attesting witness is sufficient evidence from which to infer a delivery." Many cases are there cited in support of that proposition, and the same doctrine is approved in the subsequent case of Howe v. Howe, 99 Mass., 97.

Under our system the husband has the sole management of the wife's separate property during the coverture. Neither the wife nor any other person would have the right to assume the management of such property without the husband's consent.

It is not essential to the complete conveyance of property by the husband to the wife that he should divest himself of the manage-

---

---

ment and control of the deed. But it would seem, upon sound principles of justice, that where the husband has formally executed a deed conveying property to the wife, that is, has signed such a deed with attesting witnesses, as between them and their heirs, if nothing appears to the contrary, this will be sufficient evidence of a delivery, notwithstanding he may retain possession; for his possession of the deed and property is consistent with her right to it.

The authorities all concur that the question of delivery is one of intention,— a question of fact to be determined from the evidence. It is also well settled that actual or manual delivery is not essential to vesting the title.

The criterion is this: If Brown, at the time he signed the deed with the subscribing witnesses, intended that the title to the land should then immediately vest in his wife, though he retained the possession of the deed, it will be considered a complete conveyance, vesting the title according to that intention. And if the title is thus invested, no subsequent change of that intention on his part would divest the same. As before remarked, the question is one of intention, to be determined from the facts and circumstances preceding, attending and following the transaction.

The charge asked by the appellants, and which was refused by the court, very clearly and correctly presented the true issue in form, substance and language easily understood, while the charge as given was more favorable to appellee than was warranted by law; and besides, the jury might have been misled by the same.

The other errors assigned are such as will not likely occur on another trial, and hence we pretermit any discussion as to them.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 5, 1884.]