## STEVENS et al. v. HAILE.

(Court of Civil Appeals of Texas. Austin. Dec. 3, 1913. Rehearing Denied Jan. 21, 1914.)

1. WILLS (§ 88*)—DEED OR WILL.

A written instrument recited that T. H., in consideration of love and affection toward his wife and to secure "to her and her heirs a home after my death," and of the sum of $1 paid by the wife "at or before the ensealing and delivery of these presents, * * * have given granted aliened enfeoffed released conveyed and delivered and confirmed and by these presents do give grant," etc., unto the said wife, "her heirs and assigns forever all my right title interest and claim that I now possess in and to the tract" described, together with all appurtenances "and the reversion and reversions remainder and remainders rents issues and profits thereof and also all the estate right title interest property claim and demand whatsoever" of the said T. H., "to have and to hold the said hereby granted and described premises and every part thereof with the appurtenances unto the said" wife, "her heirs and assigns and their only proper use and benefit and behoof forever from and after my death the delivery hereof not to occur until my death." The instrument was acknowledged for registration on the day it was executed, but was not recorded until about two years later. Held, that the instrument was a deed, and not a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208–217; Dec. Dig. § 88.*]

2. DEEDS (§ 108*)—CONSTRUCTION.

The habendum clause of a purported deed, reading, "To have and to hold the said hereby granted and described premises * * * unto the said H. her heirs and assigns and their only proper use and benefit and behoof forever from and after my death the delivery here-

---

of not to occur until my death," was ambiguous as to the time of the delivery of the deed, since the phrase "the delivery hereof," etc., might have referred either to the property or the instrument.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 294–308; Dec. Dig. § 108.*]

3. DEEDS (§ 206*)—CONSTRUCTION—EVIDENCE TO AID—SUFFICIENCY.

Evidence, in trespass to try title, in which one of the parties claimed under an alleged deed, *held* not to show whether a provision of the instrument, "the delivery hereof not to occur until my death," referred to the property conveyed or to the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 614; Dec. Dig. § 206.*]

4. WORDS AND PHRASES—"HEREOF"—"THIS."

The word "hereof" is defined as meaning of or concerning this, and the word "this" is a demonstrative adjective, used to point out with particularity a person or thing present in place or in thought.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 6961, 6962.]

5. DEEDS (§ 90*)—CONSTRUCTION.

A deed should be construed most strongly against the grantor, and also in a way to effectuate the instrument.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248; Dec. Dig. § 90.*]

6. WILLS (§ 88*) — CONSTRUCTION — DEED OR WILL.

In case of doubt, a deed should be construed so as to hold it a conveyance, in which case it would be operative, and not a will which would avoid it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208–217; Dec. Dig. § 88.*]

7. DEEDS (§ 208*)—DELIVERY—EVIDENCE.

Evidence, in trespass to try title, *held* to show a sufficient delivery of a deed under which one of the parties claimed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 625–632; Dec. Dig. § 208.*]

8. EVIDENCE (§ 269*) — ADMISSION OF EVIDENCE.

In trespass to try title, in which one of the parties claimed under a purported deed which stated in the habendum clause, "delivery hereof not to occur until my death," evidence was admissible by the scrivener that the grantor said he did not wish to make a will, but preferred to convey by deed in such a way that he could retain control of the property during his lifetime, and did not say anything about delivery of the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1063–1067; Dec. Dig. § 269.*]

9. EVIDENCE (§ 273*) — ADMISSION OF EVIDENCE.

In trespass to try title, in which one of the parties claimed under a deed providing that "delivery hereof not to occur until my death," evidence of grantee's daughter that she heard her mother mention the deed on the night her father, grantor, died, or the next night, was admissible to show that grantee knew of the existence of the deed before grantor's death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

10. APPEAL AND ERROR (§ 757*)—BRIEFS—UNSUPPORTED STATEMENTS.

The court rules on the subject prohibit statements in a brief not sustained by the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

Appeal from District Court, Williamson County; Charles A. Wilcox, Judge.

Action by Ocie Stevens and others against Will Haile. From a judgment for defendant, plaintiffs appeal. Affirmed.

Appellants' brief contains the following correct statement of the nature and result of this suit: "In the above cause plaintiffs, appellants herein, entered suit against the defendant, appellee herein, in the form of trespass to try title, for the title and possession of their respective undivided interests in and to the land described in their original petition, viz., about 322½ acres of land out of the S. J. Dover survey in Williamson county, Tex. The defendant answered by general demurrer, general denial, and by plea of not guilty, and by special answer disclaiming all of said land save about 200 acres claimed by him by virtue of a deed from his mother, Rebecca Haile, wife of Thomas Haile, deceased, dated August 10, 1903, and recorded August 22, 1911, in Deed Records of Williamson county, Tex. Defendant further specially pleaded the three, five, and ten years' statute of limitations. To the pleas of limitations the plaintiffs answered that the land claimed by the defendant was the homestead of Thomas and Rebecca Haile, and that the said Rebecca Haile continued to occupy same, as such homestead, till her death, which occurred June 30, 1911, and that no cause of action therefore arose in behalf of the plaintiffs till after her death. The uncontroverted facts show that the 200 acres claimed by the defendant was the community property of Thomas and Rebecca Haile, and that the plaintiffs are all lineal descendants of said Thomas Haile, who died intestate October 22, 1880. It is conceded by appellants that the appellee 'Will Haile is the owner of an undivided one-half, his mother's community interest in said 200 acres, by virtue of the above-mentioned deed of August 10, 1903. The appellee claims his father's community interest in the said 200 acres under an instrument from Thomas Haile to Rebecca Haile, dated March 1, 1879, and recorded January 12, 1881, in Deed Records of Williamson county, Tex. It is contended by the appellants that the last-mentioned instrument vested no right, title, or interest in the said land in the said Rebecca Haile. The case was tried before the court without the intervention of a jury, and the court found for the plaintiffs as to their interests in the land disclaimed by the defendant, and found for the appellee as to the entire 200 acres claimed by him. Appellants in due time filed their motion for new trial, which was by the court overruled, to which action and ruling of the court they excepted and gave notice of appeal to this court. Appellants, having in due time executed proper appeal bond, bring this cause before this court for review."

Appellee's title to the 200 acres of land in

controversy depends upon the construction and validity of the following instrument:

"The State of Texas, Williamson County.

"Know all men by these presents: That I, Thomas Haile, of Williamson county and state of Texas, as well for and in consideration of the love and affection which I bear towards my wife Rebecca Haile, and to secure to her and her heirs a home after my death, and the sum of one dollar lawful money of the United States to me in hand paid by my said wife Rebecca Haile at or before the unsealing and delivery of these presents, the receipt whereof is hereby acknowledged, have given granted aliened enfeoffed released conveyed and delivered and confirmed and by these presents do give grant alien enfeoff release convey deliver and confirm unto the said Rebecca Haile her heirs and assigns forever all my right title interest and claim that I now possess in and to the tract of land in Williamson county on Block House creek a tributary of Brushy creek deeded to me by John B. Lawrence, is the tract now occupied by me as a homestead and is bounded on the east and south by a tract now owned by Judge A. S. Walker on the west by H. D. Edwards homestead tract on the north by the Mason tract of land, said tract herein conveyed being a part of the S. J. Dover headright league and contains two hundred and sixty five (265) acres of land more or less. Together with all and singular the tenements hereditaments and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions remainder and remainders rents issues and profits thereof and also all the estate right title interest property claim and demand whatsoever of the said Thomas Haile. To have and to hold the said hereby granted and described premises and every part thereof with the appurtenances unto the said Rebecca Haile her heirs and assigns and their only proper use and benefit and behoof forever from and after my death the delivery hereof not to occur until my death.

"Witness my hand this the first (1st) day of March, A. D. 1879.

"[Signed]    Thomas Haile."

On the same day it was executed that instrument was acknowledged for registration before the notary who prepared it, but was not recorded until the 12th day of January, 1881. Thomas Haile was married to Rebecca Haile in January, 1858, and he died October 22, 1880, and the plaintiffs and the defendant are his heirs. It was admitted in the court below that both sides were claiming under Thomas Haile, and that he was common source of title. The trial court held that the instrument above set out was a deed, executed for the purpose of conveying title to Rebecca Haile, with the reservation of a life estate in the grantor, Thomas Haile, and that court also held that the proof showed sufficient delivery of the deed prior to the death of Thomas Haile, and both of those rulings are assigned as error in appellants' brief.

Nunn & Love, of Georgetown, for appellants. James H. Hart, of Austin, for appellee.

KEY, C. J. (after stating the facts as above). [1] 1. We think the trial court ruled correctly in holding that the instrument referred to was a deed, executed for the purpose of conveying title, and was not a will. In McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484, Id. 89 S. W. 284, this court was required to construe an instrument in the form of a deed, which contained this language, "This deed is to take effect at my death and not before;" and it was there held that inasmuch as we have a statute which prescribes that an estate of freehold or inheritance may be made to commence in futuro by deed or conveyance, in like manner as by will, the instrument then under consideration was a deed and not a will. The opinions of Chief Justice Fisher in the case cited refer to and quote from authorities which support the conclusion there reached. However, that case had been transferred from the Dallas court to this court, and it was thereafter appealed to that court, which approved the opinion of this court, and the Supreme Court refused to grant a writ of error. McLain v. Garrison, 112 S. W. 773.

2. In discussing the question of delivery of the deed, learned counsel for appellants concede that delivery may be actual or constructive, and that constructive delivery may occur by the grantor, if he be the husband of the grantee, retaining the deed in his possession for the benefit of the grantee, if nothing appears to the contrary. It is conceded that this proposition is established by the decision of our Supreme Court in Brown v. Brown, 61 Tex. 56, where it was held that, inasmuch as the husband is, in law, the custodian of his wife's property, a deed executed by him conveying property to his wife, and found in his possession at the time of his death, constitutes sufficient proof of delivery to the wife before the death of the grantor; and it is upon that theory that the action of the trial court, in holding that there had been sufficient delivery in this case, can be sustained. The trial judge made findings of fact to the effect: (1) That the instrument referred to was intended as a deed, conveying title to Rebecca Haile, subject only to the life estate reserved to the grantor; (2) that it was taken by Thomas Haile to the home of himself and his wife, Rebecca Haile, and was there kept until the death of Thomas Haile; (3) that Rebecca Haile knew of the existence of the deed before the death of Thomas Haile; that it was the intention and belief of Thomas Haile that the deed had vested title to the property in his wife, Re-

becca Haile; (4) that he was unable to determine from the evidence whether or not there was in fact an actual manual delivery of the deed from Thomas Haile to his wife, Rebecca Haile, prior to the death of Thomas Haile.

Appellee submitted evidence which sustains the first three findings of the trial court, and we overrule the assignments which assert the contrary. However, it is contended on behalf of appellants that the rule referred to in Brown v. Brown, supra, should not be applied in this case because the deed under consideration contains a stipulation that it was not to be delivered until after the death of Thomas Haile, the grantor. The exact language referred to is the latter part of the sentence, which reads as follows: "To have and to hold the said hereby granted and described premises and every part thereof with the appurtenances unto the said Rebecca Haile her heirs and assigns and their only proper use benefit and behoof forever from and after my death the delivery hereof not to occur until my death."

[2] The language, "The delivery hereof not to occur until my death," is, in our opinion, ambiguous and may have referred to the property conveyed or to the instrument which accomplished that result; and no testimony was produced showing that it was intended to apply to the deed itself, and not to the property conveyed. On the contrary, the scrivener who wrote the deed stated that he did not remember that Mr. Haile said anything about the delivery of the deed itself. It is true that on cross-examination he stated that, as near as he could, he put into the deed what Mr. Haile instructed him to. But Mr. Haile may have instructed him to put a stipulation in the instrument to the effect that the property was not to be delivered until after his death, and the scrivener may have thought that the language referred to was sufficient for that purpose.

[3] At any rate, the proof does not show that Thomas Haile instructed the scrivener to incorporate in the deed a stipulation that the deed itself was not to be delivered until after his death; and therefore we hold that the ambiguity which appears upon the face of the instrument was not removed by the evidence that was submitted.

[4] Counsel for appellants contend that, considering the entire instrument, the language referred to is not ambiguous, but we cannot sustain that contention. The word "hereof" is defined by the Century Dictionary as meaning of or concerning this; and the word "this" is defined as a demonstrative adjective, used to point out with particularity a person or thing present in place or thought. When the word "hereof" was written in it, the deed and not the property was present in place, but the property, and not the deed, may have been present in thought; and therefore the use of that word in that connection renders it uncertain whether it was intended to refer to the deed or the property conveyed.

[5] We then come to the question as to what construction should be placed upon the ambiguous language referred to, and that question is solved by the rules which require such instruments to be construed strongest against the grantor and so as to give effect to the instrument.

[6] If the uncertain language referred to be construed as referring to the property conveyed, then there was a sufficient delivery of the deed before the death of the grantor; and, by adopting that construction, the instrument becomes operative and conveys the property to which it relates, and therefore we think it should be given that construction. As bearing upon the question of delivery, we also refer to the recent opinion of our Supreme Court in Henry v. Phillips (Sup.) 151 S. W. 533, which contains a discussion of that question and tends to support the conclusion reached in this case. The proof shows that Rebecca Haile, the grantee in the deed, had it in her possession shortly after the death of the grantor, and had it placed on record.

[7] One of her daughters gave testimony tending to indicate that her mother had knowledge of the existence of the deed prior to the death of Thomas Haile, the grantor, and that the deed, as well as other documents belonging to Thomas Haile, was kept in the bedroom occupied by Thomas and Rebecca Haile, and probably in a trunk which was the separate property of Rebecca Haile, the wife; and considering these, and all the other facts and circumstances, and construing the ambiguous language of the instrument heretofore referred to and discussed as referring to the property, and not to the instrument itself, we think the trial court properly held that there was a sufficient delivery of the deed.

[8] 3. Other assignments complaining of the action of the trial court in admitting testimony are overruled. The testimony given by the scrivener who prepared the deed was to the effect that Thomas Haile stated that he did not desire to make a will, but preferred to convey the property to his wife by a deed, in such manner as that he (the grantor) could retain control of it during his lifetime; and that he did not remember that anything was said concerning delivery of the deed. We think that testimony was admissible; but, if it had been excluded, the ruling made in McLain v. Garrison, supra, would require a holding that the instrument was a deed and not a will.

[9] The evidence given by Mrs. Houghton, a daughter of the grantee, to the effect that she heard her mother mention the deed in question on the night that her father died, or on the next night thereafter and before her father was buried, was admissible as tending to show that Mrs. Haile had knowl-

edge of the existence of the deed prior to the death of Thomas Haile; and the balance of her testimony, tending to some extent to show where the deed was kept prior to her father's death, and that it was in possession of her mother immediately after that event, was also admissible. In fact, counsel for appellants concede that Mrs. Houghton's testimony was admissible, but contend that it did not justify a finding that Mrs. Haile had knowledge of the existence of the deed prior to the death of her husband, and did not show that the deed had been delivered in such manner as to render it effective. We think otherwise, and therefore overrule both of those contentions.

4. In concluding this opinion we take note of objections made by counsel on each side to the briefs filed by the opposing counsel. Counsel for appellee objects to a consideration of appellants' brief, because it is typewritten and exceeds 15 pages. The brief referred to contains 22 pages, but it is typewritten, double spaced, and on paper of the same dimensions as the brief passed upon and approved by this court in Powell v. Stephens, 151 S. W. 333; and therefore appellee's objection to it is overruled.

Appellee's brief contains the following statements: "Statements made by Rebecca Haile prior to her death to the effect that her husband brought the deed home with him, gave it to her, and told her it was her deed, and that continuously thereafter until the time of her husband's death she had the deed in her custody, were regarded by the trial court as inadmissible." "Because of the rules of evidence obtaining, we were not permitted to show that the deed had been delivered to her immediately upon its execution and had continuously thereafter been in her possession, with the consent of the grantor, and in pursuance of his often-expressed desire that she take under it."

[10] Counsel for appellants have filed a supplemental brief complaining of these statements because they are not sustained by the record. The complaint is well founded. The record does not show that appellee offered to prove that any such statement was ever made by Rebecca Haile; and therefore the statements referred to constitute a violation of the rules relating to briefs, were improper, and have been disregarded by this court in its decision of the case. The rules governing the manner of briefing cases forbid statements not sustained by the record; and, while the high standing and known integrity of the attorney who prepared appellee's brief prevents the conclusion that the statements referred to were made for an improper purpose, nevertheless we feel it to be our duty to condemn such practice.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.