

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. A. Miller
County Attorney
Newton·County
Newton, Texas

Dear Sir:

Opinion No. O-1070
Re: Under the circumstances set forth,
did the commissioners' court act
beyond its authority in giving
notices to other officers to make
new bonds?

Your request for an opinion on the above stated question has been received by this office.

Your letter is re-stated in part as follows:

"Two sureties gave notices to the Commissioners' Court to be relieved from all bonds that they were on. The Commissioners' Court then gave notices to all officers to make surety bonds. It is my understanding that they did not act within the law when this was done and that no one can object to a bond except the one that signed it after the Commissioners' Court has met as required by law and approved the officer's bond."

Article 5998, 6001 and 6002, R. C. S. read as follows:

"Art. 5998. The official bond of each officer shall be executed by him with two or more good and sufficient sureties or a solvent surety company authorized to do business in this State.

Hon. A. A. Miller, Page 2

"Art. 6001. Any surety on any official bond of any county officer may apply to the commissioners court to be relieved from his bond, and the county clerk shall thereupon issue a notice to said officer, with a copy of the application, which shall be served upon said officer by the sheriff or any constable of the county, and said officer so notified shall upon such service cease to exercise the functions of his office, except to preserve any records or property in his charge, and in case of a sheriff or constable, to keep prisoners, preserve the peace and execute warrants of arrest, and his office shall become vacant unless he give a new bond within twenty days from the time of receiving such notice. If a new bond is given and approved, the former sureties shall be discharged from any liability for the misconduct of the principal after the approval of the new bond.

"Art. 6002. When the commissioners court becomes satisfied that the bond of any county officer which has been approved by said court is from any cause insufficient, they shall require a new bond or additional security to be given. Said court shall cause said officer to be cited to appear at a term of their court not less than five days after service, and shall take such action as they deem best for the public interest, and their decision shall be final and no appeal shall lie therefrom."

Under the provisions of the above quoted statutes, when the commissioners' court becomes satisfied that the bond of any county officer which has been approved by it for any cause is insufficient they shall require a new bond or additional security and that the office or offices shall become vacant unless the officer or officers give a new bond within twenty days after service as provided in the statute.

The matter of determining whether or not the bonds of county officials are from any cause insufficient is within the discretion of the commissioners' court, and the commissioners' court has authority and it is within their discretion to determine whether or not they shall require a new bond or additional security to be given.

The commissioners' court may order a new bond by and upon their own motion or upon application for a surety to be relieved. See the cases of State vs. Wells, 61 Tex. 56 and Finch vs. State, 9 SW 85.

You are respectfully advised that it is the opinion of this department that the commissioners' court did not act beyond its authority in giving notices to other officers to make new bonds. You are further advised that when the commissioners' court becomes satisfied that a bond of any county officer which has been approved by it is from any cause insufficient, it may require a new bond or additional security to be given upon its own motion.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 18, 1939
AW:AW
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *WRK*
CHAIRMAN