

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

September 21, 1951

Hon. George W. Cox, M.D.       Opinion No. V-1290
State Health Officer
Department of Health          Re: Fee for recording
Austin, Texas                     vital statistics
                                  in cities which by
                                  ordinance require
                                  recordation with a
Dear Dr. Cox:                     city registrar.

        Your request for an opinion presents the
following question:

        "Under the provisions of Rule 53a,
    Art.4477, R.C.S., as amended, is the
    county liable for the payment of the 50
    cent fee for the registration of each
    certificate of birth, death, and still-
    birth occurring in a city not required
    by Rule 53a to file copies of such rec-
    ords in the office of the county clerk?"

        Rule 36a of Article 4477, V.C.S., as
amended by House Bill 243, Acts 52nd Leg., R.S.
1951, ch. 87, p. 145, is as follows:

        "For the purposes of this Act the
    State shall be divided into primary reg-
    istration districts as follows:  Each
    justice of the peace precinct and each
    incorporated town of two thousand, five
    hundred (2,500) or more population, ac-
    cording to the last United States Cen-
    sus, shall constitute a primary regis-
    tration district, provided the State
    Board of Health may combine two (2) or
    more registration districts, or may
    divide a primary registration district
    into two (2) or more parts, so as to
    facilitate registration, and in the
    justice of the peace precinct, the jus-
    tice of the peace shall be local regis-
    trar, and in cities of two thousand,
    five hundred (2,500) or more, according
    to the last United States Census, the

city clerk or city secretary shall be
the local registrar of births and
deaths.

"It is hereby declared to be the
duty of the justice of the peace in
the justice of the peace precinct, and
the city clerk or city secretary in the
city of two thousand, five hundred (2,-
500) or more population to secure a
complete record of each birth, death,
and stillbirth that occurs within their
respective jurisdictions."

Rule 53a of Article 4477, as amended by
House Bill 243, supra, provides:

"That each local registrar shall
be paid the sum of Fifty Cents (50¢)
for each birth, death and stillbirth
certificate properly and completely
made out and registered with him, and
correctly recorded and promptly return-
ed by him to the State Bureau of Vital
Statistics, as required by this Act,
unless such local registrar shall be
acting as registrar in an incorporated
city where the compensation of the reg-
istrar is otherwise fixed by city or-
dinance.

"The State Registrar shall annually
certify to the county commissioners court
or county auditor, as the case may be, the
number of birth, death and stillbirth cer-
tificates filed by each local registrar at
the rate fixed herein, and provided that
the State Registrar may render such state-
ments monthly or quarterly, at the dis-
cretion of the State Board of Health, and
the commissioners court or county auditor,
as the case may be, shall audit such state-
ment and the county treasurer shall pay
such fees as are approved by the commis-
sioners court or the county auditor, at
the time such statement is issued.

"And provided further, that the jus-
tice of the peace, city clerk or secre-

tary, and the appointed local registrar shall submit to the commissioners court or county auditor, as the case may be, a true and accurate copy of each birth, death, and stillbirth certificate filed with him, and such copies shall bear his file date and signature and shall be deposited in the county clerk's office, provided, however, that this provision shall not apply to cities having an ordinance requiring that true and accurate copies of each birth, death, and stillbirth certificate be permanently filed in the office of the city registrar. The county clerk shall be paid for indexing and preserving such records, such compensation as may be agreed upon by the commissioners' court." (Emphasis added throughout.)

The change effected in Rule 36a by House Bill 243 was that the words "and have same recorded in the County Clerk's office in their respective cities on or before the tenth of the following month" were deleted. As to Rule 53a, the following words were added by the amendment: "provided, however, that this provisic. shall not apply to cities having an ordinance requiring that true and correct copies of each birth, death and stillbirth certificate be permanently filed in the office of the city registrar.

Prior to this amendment, it was well settled that the county paid the fifty-cent fee to city clerks or registrars unless the city provided special recompense for this added duty. City of Taylor v. Hodges, 143 Tex. 441, 186 S.W. 2d 61 (1945); Att'y Gen. Ops. 0-2308 (1940), 0-3874 (1941), and 0-4583 (1942).

Rule 53a, as amended, has two principal provisions. The first provision sets the recording fee and provides the method for payment, and the second provision requires the certificates to be deposited with the county clerk and provides the method for paying him.

The proviso in question, " . . . provided, however, that this provision shall not apply to cities having an ordinance requiring that true and accurate

copies of each birth, death, and stillbirth certificate be permanently filed in the office of the city registrar. . . .", is in the middle of the paragraph dealing exclusively with the latter requirement. Therefore, "this provision", since it is singular, and in the middle of the paragraph dealing with the method and place of filing records can only be construed as applying to the manner and place of registration, and not to the fee or manner of its payment, which is a prior provision. In Stevens v. Haile, 162 S.W. 1025, 1028 (Tex. Civ. App. 1914), the word "this" was defined as "a demonstrative adjective, used to point out with particularity a person or thing present in place or thought." The thing present in thought is the manner and place of registration.

That the Legislature intended to repeal only the duplicate recording provision by the provision in question is also evidenced by the caption, the only pertinent part being as follows, ". . . repealing provisions requiring duplicate recording of births, deaths, and stillbirths at the local level . . ." This is a narrow and restrictive title, and if the body of the act were construed as repealing the fee provisions for cities with local registration ordinances, so much of the body of the act as provides for the repeal of fees would be in violation of Article III, Section 35, of the Texas Constitution and therefore invalid. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925); Gulf Insurance Co. v. James, 143 Tex. 424, 185 S. W. 2d 966 (1945); Att'y Gen. Op. V-1253 (1951). However, we do not construe the body of the Act as an attempt to repeal the fee provisions, but merely a repeal of the duplicate recording provision.

## SUMMARY

A county is liable for the payment of the fifty cent fee for the registration of each certificate of birth, death, or stillbirth occurring in a city not required to file copies of such records in the office of the County Clerk, unless specific compensation has been provided by city ordinance for the local registrar

for rendering such services.  Rules
36a and 53a, Article 4477, V.C.S.;
City of Taylor v. Hodges, 143 Tex.
441, 186 S.W. 2d 61 (1945).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BW:t:awo

Yours very truly,

PRICE DANIEL
Attorney General

By
Burnell Waldrep
     Assistant