**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2407-19

ADAM YALANGO,

    Plaintiff-Respondent,

v.

MARISSA K. YALANGO,

    Defendant-Appellant.

_____

Submitted January 20, 2021 – Decided February 8, 2021

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1477-07.

The Weir Law Firm, LLC, attorneys for appellant (Bonnie M. Weir, on the briefs).

Law Offices of Ira C. Kaplan, PC, attorneys for respondent (Ira C. Kaplan, on the brief).

PER CURIAM

In this appeal of a post-judgment matrimonial order, defendant Marissa Yalango argues that the motion judge's disposition of plaintiff Adam Yalango's application for reimbursement of health insurance premiums on his employer-sponsored plan was erroneous because the judge: misapplied the terms of the parties' marital settlement agreement; failed to apply the doctrine of laches to Adam's claim; mistakenly overlooked that the costs in question were encompassed by the child-support guidelines; and granted retroactive relief contrary to N.J.S.A. 2A:17-56.23(a). Marissa also argues that the judge erred in awarding Adam counsel fees. Because we conclude the judge misinterpreted the parties' marital settlement agreement regarding the cost of health insurance for their child, we reverse that part of the order under review, vacate the grant of counsel fees, and remand for further proceedings regarding the parties' competing claims to counsel fees.

The record reveals that the parties have one child, Kayla, who was born in 2000. The parties married in 2004 and divorced by way of a judgment entered on July 27, 2007, that incorporated a marital settlement agreement (MSA). An order entered in October 2019 deemed Kayla emancipated as of August 24, 2019.

2                                                                    A-2407-19

In June 2017, Adam moved to increase Marissa's child-support obligation and for other relief, not clearly revealed by the record on appeal; the judge denied that motion on July 20, 2017, because Adam had failed to provide sufficient information to illuminate whether he was entitled to relief. Adam didn't return to court requesting child-related relief until he filed a motion for enforcement on January 31, 2019, seeking Marissa's payment of past-due child support and what Adam believed was Marissa's share of the cost of health insurance premiums. The motion was decided in part, without an evidentiary hearing, by an order entered on March 8, 2019. That order granted relief to Adam concerning Marissa's child-support obligation and memorialized his determination that the MSA obligated Marissa to share in the cost to Adam for maintaining his employer-provided health insurance coverage for the child.

On November 21, 2019, the judge conducted a hearing to resolve, among other things, the amount owed by Marissa to Adam for his maintenance of health-insurance coverage for the child on his employer-provided health insurance plan. The judge heard testimony from both parties, and Marissa's mother. He expressed his factual findings by way of an oral opinion on January 15, 2020, and entered that day an order that held Marissa responsible for half the health-insurance costs incurred by Adam between April 2015 and March

3

2019; he fixed this amount at $16,094.56. He also awarded Adam $10,540 in counsel fees.

Marissa appeals, presenting for our consideration the arguments recounted at the start of this opinion. We agree that the judge misinterpreted the parties' agreement about health-insurance coverage[1] and, therefore, reverse the January 15, 2020 order and vacate the award of counsel fees, without reaching Marissa's arguments about laches, the statutory bar on retroactive modification of child support, or whether the child-support obligation encompassed the costs Adam sought for maintaining his employer-provided health insurance for the child.

Marissa's first point turns on the health insurance provision of the parties' MSA, the first four sentences[2] of which state:

> [1] [Adam] shall be responsible for providing health insurance for the benefit of the minor child so long as it is employer provided. [2] In the event that [Adam] loses this insurance or [Marissa] can obtain comparable coverage at a lower rate, [Marissa] shall be responsible

---

[1] Although, as noted, the judge conducted an evidentiary hearing, by that time he had already interpreted the MSA's health-insurance provision as requiring Marissa to equally contribute to the cost of maintaining Adam's employer-provided coverage. Because the judge's decision was based on his reading of the provision – and not by resorting to any intrinsic or extrinsic evidence – our review is de novo. See Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011); Jennings v. Pinto, 5 N.J. 562, 569-70 (1950).

[2] We have numbered the four sentences for the reader's ease in following our discussion about the provision's meaning.

to cover the child with insurance. [3] If this is not possible and there is no coverage available that the parties can afford, the parties agree that the child shall be registered for KidCare. [4] If any money is to be paid for this coverage, the parties shall share this cost equally.

Because Adam maintained employer-provided health insurance coverage for the child throughout the relevant period, as referred to in the provision's first sentence, none of the other circumstances described in the next three sentences ever arose and Marissa's obligation to contribute – as defined in the fourth sentence – was never triggered.

Stated another way, the only sentence that imposes the obligation of one parent to share in the premium costs expended by the other is the fourth sentence – "[i]f any money is to be paid for this coverage, the parties shall share this cost equally" – with the pivotal concern focusing on the words "this coverage." We conclude that the only sensible meaning to be attributed to "this coverage" as it appears in the fourth sentence, with an appreciation for the other sentences, is that "this coverage" refers only to the health-insurance coverage described in the third sentence, which is relevant only when neither party is able to provide coverage under the first and second sentences.

The first sentence unmistakably imposes on Adam the health-insurance obligation by declaring he "shall be responsible for providing health insurance

5

for the benefit of the minor child so long as it is employer provided." This sentence says nothing to suggest Marissa was obligated to contribute to that cost. And the remainder of the parties' agreement imposes obligations only if Adam's employer-provided coverage was lost or if Marissa couldn't find a cheaper alternative, for which she would have been obligated to pay; then the parties would enroll the child in KidCare. Only if the parties resorted to this last alternative – KidCare – would there be a sharing of the cost. That is, the third sentence requires both parties to obtain health-care insurance for the child with KidCare "[i]f this is not possible"; in that context, "this" refers to Marissa obtaining comparable coverage at a lower rate as an alternative if Adam lost his employer-provided coverage, as described in the second sentence. The fourth sentence imposes on the parties' the obligation to share the cost of obtaining health-insurance coverage for the child via the method described in the third sentence: "If any money is to be paid for <u>this coverage</u>, the parties shall share <u>this cost</u> equally" (emphasis added). The words "this coverage" and "this cost" undoubtedly refer to the last prior antecedent, which would be the KidCare coverage and its cost, not the alternative coverage described in the first and second sentences. <u>See</u> <u>State v. Gelman</u>, 195 N.J. 475, 484 (2008) (holding that "unless a contrary intention otherwise appears, a qualifying phrase . . . refers to

6

the last antecedent phrase"); <u>see also</u> <u>Sutherland Statutes and Statutory Construction</u> § 47.33 at 487-88 (7th ed. 2007) (recognizing that "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent").

That is the plain meaning of the parties' agreement; in considering the words used by the parties to memorialize their agreement, we find no plausible alternative. Adam would have the court interpret the agreement as if the fourth sentence said: "If <u>any</u> money is paid for <u>any</u> coverage provided for the child, the parties shall share the cost equally." The word "this," which appears twice in the actual sentence in the agreement, should be understood as referring only to the one specific thing preceding it. <u>See</u> <u>Oxford English Dictionary</u> 962 (2d ed. 1989) (defining "this" as "[i]ndicating a thing or person present or near (actually in space or time, or ideally in thought, esp. as having just been mentioned and thus being present to the mind)"); <u>Black's Law Dictionary</u> 1480 (6th ed. 1990) (defining "this" and "that" as referring to "different things before expressed," with "this" referring "to the thing last mentioned"); <u>see also</u> <u>Brown v. State Auto. Ins. Ass'n.</u>, 12 N.W.2d 712, 716 (Minn. 1944); <u>Stevens v. Haile</u>, 162 S.W. 1025, 1028 (Tex. App. 1913).

A-2407-19

Our role is limited to enforcing the contract that "the parties themselves have made." Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960) (quoting Sellars v. Continental Life Ins. Co., 30 F.2d 42, 45 (4th Cir. 1929)); see also Quinn v. Quinn, 225 N.J. 34, 45 (2016). We are satisfied that the agreement does not require Marissa's contribution for any cost incurred by Adam to maintain the employer-provided health insurance for the child, and that the judge's contrary interpretation was mistaken.[3]

To summarize, we reverse paragraph one of the January 15, 2020 order, which required Marissa to pay Adam $16,094.56 as reimbursement for unpaid health insurance payments – since Marissa had no such obligation – and we vacate paragraph two, which required Marissa to pay Adam $10,540 in counsel fees, and paragraph four, which denied Marissa's application for counsel fees. We remand solely for the judge's consideration of the parties' competing claims to counsel fees in light of today's decision.

---

[3] We would add that if Adam believed that the provision did not accurately memorialize what he and Marissa agreed upon when they divorced, he should have moved to reform the agreement in a timely fashion, see e.g., Solondz v. Kornmehl, 317 N.J. Super. 16, 20-21 (App. Div. 1998), rather than wait so long to seek enforcement based on his misreading of the written agreement.

A-2407-19

The January 15, 2020 order is reversed in part and vacated in part, and the matter is remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9